UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ALEX NISPEROS, | ) | Case No. 2:09-CV-00572 JAM-EFB |
| Plaintiff, | ) ) | ORDER GRANTING MOTION TO REMAND |
| v. | ) ) | |
| JPMORGAN BANK, N.A., a business entity, form unknown; CHASE HOME FINANCE, LLC, a business entity, form unknown; EZ LAND FUNDING INC., a business entity, form unknown; NDEX WEST LLC, a business entity, form unknown; and all persons unknown, claiming any legal or equitable right, title, estate, lien or interest in the property described in this complaint adverse to Plaintiff's title thereto, and DOES 1 through 25, inclusive, | ) ) ) ) ) ) ) | |
| Defendants. | | |

The matter before the Court is Alex Nisperos' ("Plaintiff's")

Motion to Remand pursuant to 28 U.S.C. § 1447(c). Plaintiff brought

this action in Solano County Superior Court on November 25, 2008

for injuries suffered as a result of an alleged pattern of

unlawful, fraudulent or unfair real estate lending practices by

1

JPMorgan Chase Bank, N.A. ("JPMorgan"), Chase Home Finance LLC ("CHF")(collectively, "Chase"), EZ Land Funding Inc., and NDEX West, LLC.  Chase removed this case from the Solano County Superior Court on February 27, 2009 pursuant to 28 U.S.C. § 1441(a). Docket # 1.  Plaintiff filed an Amended Complaint on April 1, 2009. Docket # 7.  Subsequently, Plaintiff filed a Motion to Remand on April 14, 2009. Docket # 9. Chase filed an opposition to Plaintiff's Motion on May 29, 2009. Docket # 17.  For the following reasons, Plaintiff's Motion to Remand is GRANTED.

BACKGROUND

On March 22, 2007 Plaintiff secured a mortgage loan in connection with the property in dispute, 2967 Redwood Parkway, Vallejo, California 94591 ("Subject Property"), in the sum of $365,600.00.  JPMorgan served as the lender for the loan.  Pls.' Amended Complaint, Docket # 7, ¶¶ 1-2.  Plaintiff secured a second loan in connection with the Subject Property in the sum of $91,400.00 on March 22, 2007.  JPMorgan again served as the lender. Pls.' Amended Complaint, Docket # 7, ¶¶ 1-2.

A Notice of Default was recorded for the Subject Property on or around April 2008.  Pls.' Amended Complaint, Docket # 7, ¶ 23. According to the Notice of Default, Plaintiff owed $9,706.49 and was required to contact CHF to arrange for payment to stop foreclosure.  Chase Motion to Dismiss Pls.' First Amended Complaint, Docket # 14, p. 3.  On January 26, 2009, Plaintiff sent Chase a Notice to Cancel pursuant to California Civil Code § 1619.5, purporting to rescind the mortgage loans.  Pls.' Amended Complaint, Docket # 7, ¶ 24.  Plaintiff filed this action in the Superior Court of California that same day.  Pls.' Motion to

Remand, Docket # 9, p. 5.

Plaintiff alleges that in executing the loans Chase 1) failed to provide proper disclosure notices as required by both state and federal law; 2) fraudulently misstated Plaintiff's income; 3) failed to properly verify Plaintiff's ability to repay the loan; 4) put Plaintiff in a loan he could not afford; and 5) failed and refused to provide required escrow final closing documents. Pls.' Amended Complaint, Docket # 7, ¶ 14. In addition, the loans were allegedly placed into a Pooling and Service Agreement ("PSA"), making the holders of the certificates in this PSA the only individuals who have standing to foreclose or collect on the loans. Pls.' Amended Complaint, Docket # 7, ¶ 26. Chase then filed a motion to remove the case to federal court, pursuant to 28 U.S.C. §§ 1441 et seq., which this Court granted. Notice of Removal, Docket # 1. Subsequent to removal, Plaintiff amended his original complaint such that the Amended Complaint exclusively relies upon California Law. Pls.' Amended Complaint, Docket # 7. The Amended Complaint was properly served on April 1, 2009. Pls.' Amended Complaint, Docket # 7.

ANALYSIS

Where a plaintiff moves to remand a removed case for lack of subject matter jurisdiction, the district court must make a threshold determination of whether complete diversity between parties exists[1] or whether the complaint raises a federal question.[2] See Osborn v. Haley, 549 U.S. 225, 243 (2007). A federal court may

---

[1] 28 U.S.C. § 1332.

[2] 28 U.S.C. § 1331.

3

remand an action to state court for lack of subject matter
jurisdiction "any time before final judgment." 28 U.S.C. § 1447(c).
When the federal character of a removed case is eliminated, the
district court has discretion to retain jurisdiction, to remand, or
to dismiss.  See Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343,
350-51 (1988) (holding that the federal district court has
discretion to remand to state court when all federal-law claims
have dropped out of an action and only state-law claims remain).

   This action was properly removed to this Court pursuant to 28
U.S.C. § 1441(b), which allows removal to federal district court
for any claim or right arising under federal law.  Plaintiff's
Original Complaint alleged violations which arose from federal law,
specifically violations of the Real Estate Settlement Procedures
Act ("RESPA"), 26 U.S.C. §§ 2601, et seq., the Federal Truth in
Lending Act ("TILA"), 15 U.S.C. §§ 1601-66j, and Regulation Z, 24
C.F.R. §§ 3500.1-.17.  Chase Notice of Removal, Docket #1, ¶ 4.
These original allegations supported a finding of federal subject
matter jurisdiction.

   However, a plaintiff has the right to amend his complaint once
at any time prior to defendants' filing of a responsive pleading.
Fed. R. Civ. P. 15.  Moreover, a plaintiff, as "master of the
claim," may opt to avoid federal court jurisdiction by exclusive
reliance on state law.  Caterpillar Inc. v. Williams, 482 U.S. 386,
392 (1987).  Here, Plaintiff properly amended his complaint
pursuant to FRCP 15 because the Amended Complaint was filed prior
to the filing of a responsive pleading.  Plaintiff's Amended
Complaint removes all federal claims, including all references to
RESPA, TILA and Regulation Z, and relies exclusively on California

4

law. See Pls.' Amended Complaint, Docket # 7.

While, in Sparta Surgical Corp. v. Nat'l Ass'n of Sec. Dealers, Inc., 159 F.3d 1209, 1213 (9th Cir. 1998), the Ninth Circuit held that remand cannot be compelled by amending a complaint so as to eliminate all federal claims, the decision to remand to state court is ultimately within this Court's discretion. See Harrell v. 20th Century Ins. Co., 934 F.2d 203, 205 (1991) ("It is generally within a district court's discretion either to retain jurisdiction to adjudicate the pendent state claims or to remand them to state court."); see also Carnegie-Mellon Univ., 484 U.S. at 357 ("The discretion to remand enables district courts to deal with cases involving pendent claims in the manner that best serves the principles of economy, convenience, fairness, and comity . . . .") However, "[i]f the plaintiff has attempted to manipulate the forum, the court should take this behavior into account in determining whether the balance of factors to be considered under the pendent jurisdiction doctrine support a remand in the case." Id.

When the balance of the factors listed above, including economy, convenience, fairness, and comity, indicate that a case properly belongs in state court, "as when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction . . . ." Id. at 350. This action is in its initial stages and Plaintiff's Amended Complaint relies exclusively on California law. See Pls.' Amended Complaint, Docket # 7. To retain jurisdiction over purely state law claims here would be neither economical, convenient, nor respecting of comity. Given this understanding of the Amended Complaint, Chase's allegation of

1   forum manipulation does not convince this Court to deny Plaintiff's

2   Motion to Remand.

3                                    ORDER

4        Because the balance of the factors of economy, convenience,

5   fairness, and comity weigh in favor of remand, and pursuant to 28

6   U.S.C. § 1447(c), the Court hereby remands this matter to the

7   Solano County Superior Court.

8        Plaintiff's Motion to Remand is GRANTED.

9        Furthermore, as a result of the Plaintiff's Motion to Remand

10  being granted, Defendant's Motion to Dismiss (Docket #14) will not

11  be considered by this Court and will have to be re-filed as a

12  demurrer in the Solano County Superior Court action should

13  Defendant's decide to pursue dismissal at this stage of the

14  litigation.

15

16  IT IS SO ORDERED.

17  Dated: July 16, 2009

18                              JOHN A. MENDEZ,
                                UNITED STATES DISTRICT JUDGE

19

20

21

22

23

24

25

26

27

28